UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL COOK #290601,

        Plaintiff,                               Hon. Jane M. Beckering

v.                                                   Case No. 1:22-cv-629

CORIZON, INC., et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

**BACKGROUND**

Plaintiff initiated this action against Corizon, Inc. and Nurse Practitioner Joshua Schad. (ECF No. 1). In his complaint, Plaintiff alleges the following.

Plaintiff is allergic to codeine a fact which is "well documented" in his prison medical records. On July 19, 2021, Plaintiff underwent surgery following which he was prescribed pain medication which did not contain codeine. Defendant Schad later changed Plaintiff's prescription to "Tylenol 3 with codeine." After taking this medication, Plaintiff experienced a severe allergic reaction. The following day,

-1-

Plaintiff requested to be taken to the hospital, but Defendant Schad refused on the ground that Plaintiff was "lying" about his symptoms.

Plaintiff alleges that Defendants Schad and Corizon violated his Eighth Amendment rights. Plaintiff's claims against Defendant Corizon were dismissed on screening. (ECF No. 8). At this juncture, Plaintiff's Eighth Amendment and state law claims against Defendant Schad remain. Defendant Schad now moves for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350,

-2-

357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

The parties agree that Plaintiff did not file a grievance regarding his allegations against Defendant Schad.  The parties do not agree, however, whether such entitles Defendant to relief.

Pursuant to Michigan Department of Correction (MDOC) policy, a prisoner can be placed on modified grievance status as a sanction for filing an "excessive number" of rejected grievances.   MDOC Policy Directive 03.02.130 ¶ JJ (eff. Mar. 18, 2019).   When on modified grievance access, a prisoner is permitted to file a grievance only if he first requests a Step I grievance form from the Step I Grievance Coordinator.   *Id.* at ¶ MM. If a prisoner on modified grievance access "attempts to file a grievance using a form not provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with" MDOC policy.   *Id.*

On July 7, 2021, Plaintiff was placed on modified grievance status.   (ECF No. 27-1, PageID.147-48).   Plaintiff remained on modified grievance access through October 6, 2021.  (ECF No. 24, PageID.87; ECF No. 27-1, PageID.147).   Defendant argues that "there is no evidence" that Plaintiff ever requested a grievance form regarding his allegations against him.   The Court disagrees.

Plaintiff, in his sworn response to Defendant's motion, asserts that on July 26, 2021, he submitted to the Grievance Coordinator a request for a step one grievance form. (ECF No. 27, PageID.135).   In his request, Plaintiff indicated that he wished to pursue

a grievance against Defendant Schad for improperly prescribing him medication containing codeine. (ECF No. 27 at PageID.135, 149-51). Plaintiff asserts that his request for a grievance form was ignored and thus effectively denied. (ECF No. 27, PageID.135). When a prisoner on modified grievance access properly requests a grievance form, denial of such constitutes exhaustion of available administrative remedies as to the claims or issues described in the grievance form request. *See, e.g., Sedore v. Nagy*, 2019 WL 8723746 at *7 (W.D. Mich., Nov. 26, 2019).

In sum, there exists a genuine factual dispute on the question whether Plaintiff properly exhausted his available administrative remedies. Thus, Defendant cannot meet his burden to obtain the requested relief. Accordingly, the undersigned recommends that Defendant's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 24), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: May 30, 2023                      /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge